U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 2 0 2007

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**ALEXANDRIA DIVISION**

| | |
|---|---|
| **TYRONE D. NOEL** | **DOCKET NO. 07-CV-0143** |
| **VERSUS** | **JUDGE DRELL** |
| **LYNN COOPER, ET AL.** | **MAGISTRATE JUDGE KIRK** |

### REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint (42 U.S.C. § 1983) of Plaintiff Tyrone D. Noel, filed *in forma pauperis* on January 23, 2007, and amended on July 24, 2007. Noel is incarcerated at the Avoyelles Correctional Center ("AVC"). He names as defendants Warden Lynn Cooper, Secretary Richard Stalder, Dr. Cardwell, Huey P. Long Hospital, Debra Ferguson, Sgt. Douglas Hayes, Gun Guard #1 - John Doe (1), Gun Guard #2 - John Doe (2), Inmate Ernest White, and Mental Health Social Worker John Doe (3). Plaintiff claims that the defendants denied him proper medical care and failed to protect him from physical harm inflicted by another inmate.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of this Court.

### STATEMENT OF THE CASE

According to Plaintiff, on January 19, 2006, he was brutally attacked by another inmate, Ernest White, who struck Plaintiff with a shovel. Plaintiff claims that White hit him twice on the right

side of his head resulting in a 1 - 1.5 inch laceration.  Sgt. Douglas Hayes was eventually able to stop the attack, and Plaintiff and White were restrained.  Plaintiff was taken to the infirmary where he was examined by Nurse Ferguson and Dr. Cardwell.  In addition to the head laceration, Plaintiff's right hand was swollen after the incident.

Plaintiff was transported to Huey P. Long hospital by Officers Terry Bordelon and Murphy Clarke.  Dr. Cardwell ordered x-rays of Plaintiff's hand.  The laceration to Plaintiff's head was closed with five staples, according to Plaintiff, and his right hand was wrapped.  Plaintiff was then transported back to AVC.

On January 27, 2006, Plaintiff declared a mental heath emergency due to feeling paranoid and threatened when around dangerous weapons.

On September 21 and October 3, 2006, Plaintiff made a sick call complaining about a knot behind his right ear, migraine headaches, poor vision in his right eye, decreased work performance in his right hand, and dizziness.  Plaintiff was examined by two nurses.  The doctor prescribed Motrin for pain without examining Plaintiff.  Plaintiff notified Warden Booty, Warden Bonnette, and Warden Benson of the doctor's "negligence" in prescribing medication without a conducting a physical examination.

On March 29, 2007, Dr. Hines examined Plaintiff and insisted that he continue to work in the area in which Plaintiff was

2

attacked.

Plaintiff ultimately claims that he was denied proper medical care and that the officers failed to protect him from harm inflicted by another inmate. He claims to suffer from paranoia, poor vision in his right eye, migraine headaches, short term memory loss, a knot behind his right ear, light-headedness, dizziness, poor communication with family and friends, and poor work performance. [Doc. #9, p.6]

## LAW AND ANALYSIS

### 1. Failure to Protect

Plaintiff alleges that Warden Cooper failed to provide protection for inmates working in areas where tools are accessible to inmates. "[T]he treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." Adames v. Perez, 331 F.3d 508, 512 (5th Cir.2003); Farmer v. Brennan, 511 U.S. 825, 832 (1994). Jail "officials have a [constitutional] duty ... to protect inmates from violence at the hands of other prisoners." Horton v. Cockrell, 70 F.3d 397, 400 (5th Cir.1995). "Prison officials are not, however, expected to prevent all inmate-on-inmate violence." Adames v. Perez, 331 F.3d 508, 512 (5th Cir.2003). Prison officials can be held liable for their failure to protect an inmate only when they are deliberately indifferent to a substantial risk of serious harm. Adames, 331 F.3d at 512 (citation omitted). This is a subjective

standard.  "[A] prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it."  Farmer v. Brennan, 511 U.S. at 847.  In other words, the prison official must have a sufficiently culpable state of mind, which, in prison-conditions cases, is one of "deliberate indifference" to inmate health or safety.  Id. at 834.  "To find that an official is deliberately indifferent, it must be proven that 'the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference'."  Cantu v. Jones, 293 F.3d 839, 844 (5th Cir.2002), citing Farmer v. Brennan, 511 U.S. 825, 837 (1994).  "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind."  Norton v. Dimazana, 122 F.3d 286, 291 (5th Cir.1997) citing Estelle v. Gamble, 429 U.S. 97, 106 (1976).

Plaintiff alleges that Warden Cooper was aware that some inmates who have access to tools also have a history of using tools as dangerous weapons.  As noted in the Memorandum Order, Plaintiff's statement is conclusory.  Plaintiff was informed that he needed to allege specific facts to establish that Warden Cooper

4

knew of a substantial risk to Plaintiff's safety. Plaintiff has failed to do so.

Plaintiff also claims that Sgt. Hayes and "Gun Guards 1 & 2" failed to timely respond to the altercation. Plaintiff alleges that Sgt. Hayes should have responded after the first blow to Plaintiff's head. While Sgt. Hayes "responded at his own pace," Plaintiff states that Hayes did physically breakup the altercation. [Doc. #1-1] There are no allegations that Hayes disregarded an excessive risk to Plaintiff's safety; contrarily, Plaintiff alleges that Hayes physically ended the assault.

Despite having the opportunity to amend, Plaintiff does not provide any information regarding "Gun Guard 1" and "Gun Guard 2" or how they acted with deliberate indifference and unnecessarily and wantonly caused Plaintiff pain.

2.  Medical Care

Plaintiff alleges that EMT Debra Ferguson and social worker, Dustin Borrell, ignored his complaints of dizziness, paranoia, poor vision, migraine headaches, knot behind his ear, and poor performance with right hand. He also complains that Dr. Cardwell and Huey Long Hospital failed to perform x-rays, which are mandatory for any kind of head trauma, and for "allowing x amount of time before performing x-rays." [Doc. #9, p.3] Finally, he alleges that Nurse Terry Woods failed to provide Plaintiff with proper medical treatment until the problem was resolved.

Even if Plaintiff could show that he received inadequate treatment, not all inadequate medical treatment rises to the level of an Eighth Amendment violation; "[i]t is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." Victoria W. v. Larpenter, 369 F.3d 475, 483 (5th Cir., 2004)(citations omitted). A plaintiff must prove "objectively that he was exposed to a substantial risk of serious harm," and that "jail officials acted or failed to act with deliberate indifference to that risk," which requires actual knowledge and deliberate disregard.

Plaintiff is unable to show that these medical defendants deliberately disregarded a substantial risk of serious harm to the plaintiff. Plaintiff does not establish that his complaints were ignored or that he was denied treatment. Plaintiff was immediately taken to the hospital following the assault, and he has been treated for each sick call made. While Plaintiff clearly disagrees with the kind of medical treatment he received, such disagreement does not state a claim for deliberate indifference to his medical needs. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir., 1997).

                              CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that Plaintiff's claims be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim upon which relief may be granted under 28 U.S.C. §1915(e)(2)(B)(I) and (ii).

                                    6

Under the provisions of 28 U.S.C. § 636(b)(1)©) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this 19th day of _____, 2007.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

7